| | |
|---|---|
| 1 | Prober & Raphael, A Law Corporation |
| 2 | Dean Prober, Esquire, #106207 |
|   | Lee S. Raphael, Esquire, #180030 |
| 3 | Cassandra J. Richey, Esquire #155721 |
|   | David F. Makkabi, Esquire #249825 |
| 4 | P.O. Box 4365 |
|   | Woodland Hills, CA 91365-4365 |
| 5 | (818) 227-0100 |
| 6 | F.040-1287A |
|   | Attorneys for Secured Creditor U.S. Bank, N.A., successor in interest to the FDIC as receiver for |
| 7 | Downey Savings and Loan Association, F.A. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | ) | Bk. No. 10-43686 |
|---|---|---|
|  | ) |  |
| NORMA G. GUERRERO AND JUAN | ) | CHAPTER 13 |
| MANUEL MATA, | ) |  |
|  | ) | R.S. No. DRP – 790 |
| Debtors. | ) |  |
| ──────────────────────── | ) | MOTION FOR RELIEF FROM |
|  | ) | <u>AUTOMATIC STAY</u> |
|  | ) |  |
|  | ) | Hearing- |
|  | ) | Date : July 2, 2010 |
|  | ) | Time : 10:00 a.m. |
|  | ) | Place : U.S. Bankruptcy Court |
|  | ) |     1300 Clay Street, 2nd Floor |
|  | ) |     Oakland, CA |
| ──────────────────────── | ) |     Courtroom 215 |

       U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A., a holder in due course, its assignees and/or successors, move the Court for relief from the Automatic Stay provided by 11 U.S.C. §362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property.

       This Motion is brought pursuant to 11 U.S.C. §362(d)(1) for "cause" and due to the

-1-

failure of Debtors to make required payments as set forth in the Declaration, attached hereto and incorporated herein by reference. Debtors' failure to make required payments provides "cause" for relief from the Automatic Stay in accordance with the ruling of the Bankruptcy Appellate Panel in In re: Ellis, 60 B.R. 432.

Movant seeks relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(1) for "cause", as well as pursuant to 11 U.S.C. §109(g).

Movant seeks relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(4)(A) as the filing of the bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors by transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval.

The initial borrower on the subject Note is Javier Aguilar.

Javier Aguilar transferred interest in the subject Property to Javier Aguilar and Gustavo Romero as Co-Trustees of the 616 N. Hacienda Blvd. Trust through a Trust Transfer Grant Deed recorded on December 8, 2009. Said Grant Deed recites on its face that no consideration was given by the transferees.

Javier Aguilar transferred interest in the subject Property to Javier Aguilar and George L. Hensley as Co-Trustees of the 616 N. Hacienda Blvd. Trust through a Trust Transfer Grant Deed recorded on January 6, 2010.

George Louis Hensley filed a Chapter 13 Bankruptcy petition on December 30, 2009 as Case No. 6:09-bk-41592-SB. This prior Chapter 13 proceeding was subsequently Dismissed on March 15, 2010 and the case has since been terminated on May 17, 2010.

An unauthorized Trust Transfer Grant Deed was recorded on January 29, 2010 as Instrument #20100137841 which transferred interest in the subject Property from Javier Aguilar to

Javier Aguilar and Robinson V. Baron as Co-Trustees of the 616 N. Hacienda Blvd. Trust. Said Grant Deed recites on its face that no consideration was given by the transferees.

Robinson V Baron and Lourdes D. Baron filed a Chapter 13 Bankruptcy petition in the Central District of California, Los Angeles Bankruptcy Court on January 22, 2010 as Case No. 2:10-bk-12341-EC. This prior Chapter 13 proceeding was subsequently Dismissed on March 10, 2010.

Javier Aguilar transferred interest in the subject Property to Javier Aguilar and Norma G. Guerrero and Juan Manuel Mata, as Co-Trustees of the 616 N. Hacienda Blvd. Trust through a Trust Transfer Grant Deed recorded on April 7, 2010. Said Grant Deed recites on its face that no consideration was given by the transferees.

Six (6) days prior to the recordation of the aforementioned Grant Deed, Norma G. Guerrero and Juan Manuel Mata filed a Chapter 13 Bankruptcy petition in the Northern District of California, Oakland Court on April 1, 2010 as Case No. 10-43686.

Movant requests that this Court take judicial notice of the prior Bankruptcy filings pursuant to Federal Rule of Evidence Section 201.

The above mentioned transfers were done without Movant's consent and in violation of the terms of the Deed of Trust. Movant alleges that the sole purpose of this unauthorized transfer was to forestall Movant's foreclosure actions on the subject Property. The Debtors herein have no contractual obligation nor privity of contract with Movant. Therefore, Movant seeks relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(1) for "cause", as well as 11 U.S.C. §362(d)(4)(A) and (B).

Specifically, the Debtor is not the obligor on the subject note and deed of trust, the

Debtors have no privity of contract with Secured Creditor, and the Debtors have nothing to discharge, cure and/or reorganize with regards to Secured Creditor.

Any purported transfer was done without Secured Creditor's knowledge or consent. Furthermore, Secured Creditor is not aware of anything recorded with the County recorder in regards to a transfer of ownership of the subject Property.

The Debtors have no standing to confirm a Plan as to the subject Property. Simply put, the Secured Creditors would be entitled to relief from stay for cause, pursuant to 11 U.S.C. Section 362(d)(1). See e.g, In re Steele, 297 BR 589 (2003, BC ED Mo) (Creditor's request for relief from automatic stay was granted when record failed to establish that debtor held any ownership interest in disputed real property as of commencement of case).

Movant further requests that, in the event this case is dismissed before Movant's Motion for Relief can be heard, this Court retain jurisdiction to hear the pending motion for relief from the automatic stay as authorized by In re Aheong 276 B.R. 233 (9th Cir.BAP 2002).

In addition, and in the event that this Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§361 and 362(d)(4), including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Furthermore, Movant seeks attorneys' fees and costs incurred in bringing this Motion. Movant requests such fees pursuant to the Contract securing Movant's claim or pursuant to 11 U.S.C. §506(b). Post-petition attorneys' fees and costs for the within motion may be added to

the outstanding balance of the subject Note, pursuant to <u>Travelers Casualty v. Pacific Gas and Electric Co.</u>, 549 U.S. _____ (2007), and as allowed under applicable non-bankruptcy law.

In addition, Movant requests such further relief as is just.

This Movant also seeks an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

This Motion shall be based on these moving papers, as well as the attached Declaration.

Responsive pleadings, points and authorities and declarations are not required, but may be filed, pursuant to Bankruptcy Local Rule 4001(f).

In the event neither Debtors, the Debtors' Counsel or the Trustee appears at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtors' property located at **616 North Hacienda Boulevard, La Puente, California** and obtain possession of such property without further hearing.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For attorneys' fees and costs for suit incurred herein.

4.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

5.) For such other relief as this Court deems appropriate.

PROBER & RAPHAEL
A LAW CORPORATION

DATED: June 4, 2010          By /s/ Dean R. Prober Esquire
                                DEAN R. PROBER, ESQUIRE, #106207
                                Attorney for Secured Creditor